# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| Clive Fisher, | : |
|         Plaintiff, | : Civil Action No.: _____ |
| v. | : |
| First Equity Alliance, | : **DEMAND FOR JURY TRIAL** |
|         Defendant. | : |

## COMPLAINT & JURY DEMAND

For this Complaint, the Plaintiff, Clive Fisher, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. The Plaintiff, Clive Fisher ("Plaintiff"), is an adult individual residing in Southgate, Michigan, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4. Defendant First Equity Alliance ("FEA"), is a California business entity with an address of 11810 Pierce Street, Riverside, California 92505, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

5. First at all times acted by and through one or more of the collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

6. The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

7. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8. The Debt was purchased, assigned or transferred to FEA for collection, or FEA was employed by the Creditor to collect the Debt.

9. The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. FEA Engages in Harassment and Abusive Tactics

10. Within the last year, FEA contacted Plaintiff in an attempt to collect the Debt.

11. Upon information and belief, the Debt was incurred by Plaintiff approximately six years ago, and therefore is past the statute of limitations to sue.

12. By letter dated September 7, 2017 (the "Letter"), FEA threatened legal action against Plaintiff to collect the Debt.

13. Additionally, the Letter failed to state that Plaintiff has thirty days after receipt of the Letter to dispute the Debt, as required by law.

14. FEA did not possess the present legal ability to file a lawsuit against Plaintiff as the Debt is past the statute of limitations in the state of Michigan.

15. The Letter states that FEA may report the Debt to the IRS as "debt cancellation income" if payment is not received.

16. The IRS reporting language in the Letter is confusing to Plaintiff because it fails to explain whether the entire amount (including interest), or just the principle balance, would be reported to the IRS, if reporting is required.

### C. Plaintiff Suffered Actual Damages

17. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

18. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I

## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

19. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20. The Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

21. The Defendant's conduct violated 15 U.S.C. § 1692e in that Defendant used false, deceptive, or misleading representation or means in connection with the collection of a debt.

22. The Defendant's conduct violated 15 U.S.C. § 1692e(2) in that Defendant misrepresented the character, amount and legal status of the Debt.

23. The Defendant's conduct violated 15 U.S.C. § 1692e(5) in that Defendant threatened to take legal action, without actually intending to do so.

24. The Defendant's conduct violated 15 U.S.C. § 1692e(10) in that Defendant employed false and deceptive means to collect a debt.

25. The Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect a debt.

26. The Defendant's conduct violated 15 U.S.C. § 1692g(a)(3) in that Defendant failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the Debt within thirty days.

27. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

28. The Plaintiff is entitled to damages as a result of Defendant's violations.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;
2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant;
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant;

4. Actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations in an amount to be determined at trial for the Plaintiff;

5. Punitive damages against Defendant; and

6. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: January 17, 2018

Respectfully submitted,

By: /s/ Sergei Lemberg, Esq.
Attorney for Plaintiff Clive Fisher
LEMBERG LAW, L.L.C.
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile:  (888) 953-6237
Email: slemberg@lemberglaw.com